UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, # 186788,<br>*aka Charles Willis Lamb*,<br><br>                   Plaintiff,<br><br>vs.<br><br>Kirkland Correctional Institution;<br>Head X-Ray Nurse, *People Them*,<br><br>                  Defendants. | C/A No. 8:10-733-CMC-BHH<br><br>Report and Recommendation |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. Therefore, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed *without prejudice* if he fails to timely pay the three hundred fifty dollar ($350) filing fee.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). He has repeatedly filed civil actions, which allege that unspecified defendants have denied Plaintiff treatment for a hand injury. In fact, this is the forty-seventh (47th) civil action filed by the Plaintiff in this Court since August of 2008. This Court may take judicial notice[2] of the three (3) civil actions filed by the Plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, or because the named defendants were either immune from or not amenable to suit under 42 U.S.C. § 1983. *See Lamb v. Kirkland Correctional Institution Medical Agency*, No. 8:09-105-CMC-BHH (D.S.C. Feb. 25, 2009); *Lamb v. John Does, et al.*, No. 8:09-322-CMC-BHH (D.S.C. April 9, 2009); *Lamb v. Kirkland Correctional Medical Staff*, No. 8:09-1854-CMC-BHH (D.S.C. Aug. 13, 2009).

In light of Plaintiff's prior "strikes," he cannot proceed *in forma pauperis* with the instant complaint unless his claim satisfies the exception for imminent physical harm

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also, Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis,* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full $350 filing fee. If Plaintiff timely pays the full filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

## Imposition of Sanctions

Plaintiff has demonstrated a propensity to file frivolous law suits in this Court. To date, Plaintiff has filed at least twenty (20) cases which have been summarily dismissed by the Court due to frivolity, maliciousness, naming immune defendants, or failure to state a claim upon which relief may be granted.[3] Three of these cases have been assigned "strikes" under 28 U.S.C. § 1915(g).[4] In addition, Plaintiff has filed three (3) cases which have been dismissed for lack of prosecution/failure to comply with an order of this Court.[5] Eighteen (18) additional cases have been dismissed due to the "three strikes" rule of 28

---

[3] *See* Civil Action Numbers: 8:08-3558-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3732-CMC-BHH; 8:09-105-CMC-BHH; 8:09-322-CMC-BHH; 8:09-477-CMC-BHH; 8:09-478-CMC-BHH; 8:09-726-CMC-BHH; 8:09-964-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-1240-CMC-BHH; 8:09-1622-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1805-CMC-BHH; 8:09-1806-CMC-BHH; 8:09-1853-CMC-BHH; 8:09-1854-CMC-BHH; 8:09-1855-CMC-BHH; 8:09-1903-CMC-BHH;

[4] *See* Civil Action Numbers: 8:09-105-CMC-BHH; 8:09-322-CMC-BHH; and 8:09-1854-CMC-BHH.

[5] *See* Civil Action Numbers: 8:08-2805-CMC-BHH; 8:09-725-CMC-BHH; 8:09-1029-CMC-BHH;

U.S.C. § 1915(g).[6] Despite Report and Recommendations which have detailed the reasons Plaintiff may not file repetitive, meritless claims – most of them nearly identical – Plaintiff has filed eighteen (18) duplicative cases in the first three months of this year alone. Thus, it appears Plaintiff will continue to waste this Court's precious judicial resources unless restrictions are placed on Plaintiff's future submissions.

This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). *See also Thomas v. Fulton*, No. 07-1713, 2008 WL 64651, slip op. (4th Cir. Jan. 7, 2008)(a prefiling injunction must be narrowly tailored to fit the circumstances of the case), *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of prefiling review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving prefiling review of complaints brought by prisoners with a history of litigiousness"); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to

---

[6] *See* Civil Action Numbers: 8:09-2282-CMC-BHH; 8:09-2283-CMC-BHH; 8:09-2693-CMC-BHH; 8:09-3107-CMC-BHH; 8:09-3108-CMC-BHH; 8:10-153-CMC-BHH; 8:10-154-CMC-BHH; 8:10-155-CMC-BHH; 8:10-176-CMC-BHH; 8:10-257-CMC-BHH; 8:10-258-CMC-BHH; 8:10-259-CMC-BHH; 8:10-260-CMC-BHH; 8:10-261-CMC-BHH; 8:10-723-CMC-BHH; 8:10-724-CMC-BHH; 8:10-727-CMC-BHH; and 8:10-728-CMC-BHH.

the Court under Rule 11 of the Federal Rules of Civil Procedure.

Overly litigious, malicious, and/or vexatious individuals, such as the Plaintiff, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

Plaintiff has filed forty-seven (47) complaints in this Court since August of 2008, the majority setting forth frivolous, repetitive claims regarding his alleged 2008 hand injury against various Defendants. Plaintiff has clearly demonstrated that he is a vexatious and abusive litigant in this Court. Therefore, Plaintiff is put on notice that he risks a filing injunction if he continues to make abusive filings. The filing injunction would direct the Clerk of Court to return any civil action submitted to this Court by the Plaintiff, unfiled, unless:

> (1) Plaintiff pays the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;
>
> <u>or</u>
>
> (2) The Complaint sets forth facts that fall into the exception to the "three strikes" clause of 28 U.S.C. § 1915(g), which reads:
>
>> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

**PLAINTIFF IS ON NOTICE THAT THIS PREFILING INJUNCTION WILL BE ORDERED IF HE CONTINUES TO FILE REPETITIVE COMPLAINTS. THIS INJUNCTION WILL ORDER THE CLERK OF COURT'S OFFICE TO RETURN, UNFILED, ANY CASE THAT IS NOT ACCOMPANIED BY THE FILING FEE OR WHICH DOES NOT, IN THE DISCRETION OF THE CLERK'S OFFICE, MEET THE EXCEPTION DESCRIBED IN 28 U.S.C. § 1915(g), AS DISCUSSED ABOVE.**

### Recommendation

It is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the $350 filing fee, so that this matter can be returned to the undersigned Magistrate Judge to conduct a review of the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to timely pay the full filing fee, or seek an extension of time to do so, it is further recommended that, by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. The Plaintiff's attention is directed to the Notice on the next page.

March 31, 2010  　　　　　　　　　　　　　　　　　　s/Bruce Howe Hendricks
Greenville, South Carolina　　　　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).