IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Willis Lamb, # 186788, | ) | C/A NO. 8:10-733-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Kirkland Correctional Institution; Head X-Ray Nurse, People Them, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint brought pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On March 31, 2010, the Magistrate Judge issued a Report recommending that Plaintiff's motion to proceed *in forma pauperis* ("*ifp*") be denied, that Plaintiff be given an opportunity to pay the full filing fee, and that the matter be dismissed without prejudice and without issuance and service of process if Plaintiff did not pay the filing fee. Additionally, the Magistrate Judge informed Plaintiff of the intention of this court to institute a prefiling injunction, commonly known in this Circuit as a "Riddle Order." *See Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977).

For the reasons noted below, the court treats the section of the Report and Recommendation titled "Imposition of Sanctions" as a recommendation from the Magistrate Judge that a prefiling review sanction be imposed upon Plaintiff.

1

Title 28, United States Code Section 636 delineates the statutory authority granted United States Magistrate Judges. Section 636(b)(1)(A) provides that

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Section 636(b)(1)(B) provides that a district judge may designate a Magistrate Judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B).

The imposition of a prefiling injunction would preclude Plaintiff from filing additional lawsuits in this court absent a showing that Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Therefore, because this sanction would operate to automatically dismiss any future case filed by Plaintiff absent the requisite showing of imminent danger of serious physical injury, the imposition of such a sanction is in the nature of injunctive relief. Accordingly, this court treats the portion of the Report and Recommendation regarding the imposition of a prefiling injunction as a recommendation to this court.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report and therefore adopts and incorporates it as part of this order.

Plaintiff's motion to proceed *in forma pauperis* (*ifp*) is **denied**. Plaintiff shall have until **June 11, 2010,** to pay the full filing fee for this matter ($350.00).[1] Should Plaintiff pay the filing fee, this matter shall be referred to the Magistrate Judge to conduct a review of Plaintiff's complaint under § 1915A. If Plaintiff does not pay the full filing fee by June 11, 2010, or seek an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

Additionally, Plaintiff's failure to pay the full filing fee in this case will result in the imposition of a prefiling injunction as discussed above. This prefiling injunction will direct that the Clerk of Court return, unfiled, any new civil action filed by Plaintiff which is not accompanied by

---

[1] Payment should be made to: *Clerk, U.S. District Court*, 901 Richland Street, Columbia, South Carolina 29201.

the full filing fee, or which does not meet the exception in 28 U.S.C. § 1915(g), as noted above. The decision whether new civil actions filed by Plaintiff contain a showing of "imminent danger of serious physical injury" shall be made by this court.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 11, 2010

C:\Documents and Settings\nac60\Desktop\10-733 Order.wpd